JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163937)
Chief, Criminal Division

SUSAN B. GRAY (CSBN 100374)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-7324
    Facsimile: (415) 436-6748
    email: Susan.B.Gray@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>$100,211 IN UNITED STATES CURRENCY;<br><br>        Defendant. | No. C-08-0156 VRW<br><br>**STIPULATED REQUEST TO STAY CIVIL FORFEITURE ACTION DURING PENDING CRIMINAL CASE PURSUANT TO 18 U.S.C. §981(g) AND** (Proposed) **ORDER** |

    The United States, by and through its attorney, Assistant United States Attorney Susan B. Gray, and claimant, Obdulia Diaz, by and through her attorney, Michael E. Hingle hereby submit this stipulated request pursuant to 18 U.S.C.§ 981(g) for this Court to stay the above-entitled civil forfeiture proceeding during the pendency of claimant Obdulia Diaz's state criminal case. The facts in support of this stipulated request are set forth below.

    This is an <u>in rem</u> forfeiture action in which the United States alleges that defendant $100,211 in United States currency constitutes proceeds from drug trafficking offenses and/or were used to facilitate drug trafficking activities and are thus subject to forfeiture, pursuant to Title 21, United States Code, Section 881(a)(6). Defendant currency was seized following the execution of an arrest warrant at the residence of Ricardo Rodriguez Castro ("Castro") and

Obdulia Diaz ("Diaz") on August 3, 2007. The events leading up to the search and seizure of defendant funds are set forth in the civil forfeiture complaint filed on January 9, 2008, (Docket #1) and are incorporated herein by reference.

On February 19, 2008, Claimant Obdulia Diaz filed a verified claim to the defendant funds and on March 14, 2008, she filed an answer to the complaint. (Docket ## 7 and 8). This matter is currently set for a Case Management Conference before this Court on April 24, 2008.

State criminal charges are currently pending against Castro and Diaz in the Superior Court of Santa Clara County. Casto and Diaz are both charged with violations of the California Health and Safety Code § 11378-possession for sale of controlled substances, to wit, methamphetamine, with an enhancement for possession of firearms while in the commission of a drug related offense, California Penal Code § 12022(c). Although Diaz was previously represented by counsel in the state criminal case, on April 2, 2008, Michael Hingle, counsel of record in this case, substituted in as counsel for Diaz. Diaz had previously filed a Motion to Suppress Evidence, but it was removed from calendar upon the substitution of counsel to allow Mr. Hingle time to become familiar with the case. The state case is scheduled for jury trial on May 19, 2008. It is unclear if the case will actually go to trial on that date. Thereafter, Mr. Hingle will be in trial in another case for several months. Absent an agreed upon plea, counsel for claimant anticipates that there will be no resolution of the state case for approximately five months.

18 U.S.C. § 981(g) provides for a stay of civil forfeiture proceedings upon motion of either the United States or the claimant. Section 981(g) provides in pertinent part:

(g)(1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
(2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that–
   (A)  the claimant is the subject of a related criminal investigation or case;
   (B)  the claimant has standing to assert a claim in the civil forfeiture proceeding;[1] and

---

[1] A determination by the court that the claimant has standing to request a stay pursuant to paragraph (2) shall apply only to this subsection and shall not preclude the Government from objecting to the standing of the claimant by dispositive motion or at the time of trial. 18 U.S.C.§ 981(g)(7).

STIPULATED REQUEST FOR STAY and PROPOSED ORDER

1  (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination.

Counsel for the United States and claimant both agree that proceeding with the civil forfeiture case would have an adverse impact on the pending state criminal case. Neither party wishes to have their witnesses deposed prior to the criminal trial. In particular, continuation of the civil forfeiture proceeding will burden the right of claimant, Obdulia Diaz, against self-incrimination.

Accordingly, the parties respectfully request this Court to stay the above-entitled civil forfeiture proceeding for a period of five months up to, and including, September 25, 2008. Should the state criminal case settle, the parties will immediately notify the court and request that the stay be lifted. The parties also respectfully suggest that the Case Management Conference currently scheduled for April 24, at 3:30 p.m. be continued until September 25, 2008, at 3:30 p.m.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: 4/16/08

SUSAN B. GRAY
Assistant United States Attorney

Dated: 4/16/08

MICHAEL E. HINGLE
Attorney for Claimant
Obdulia Diaz

(Proposed) ORDER

GOOD CAUSE APPEARING, and based upon the foregoing, it is hereby ORDERED that the above-entitled action is stayed pursuant to 18 U.S.C.§ 981(g) during the pendency of the state criminal case against claimant Obduia Diaz. The Case Management

STIPULATED REQUEST FOR STAY and PROPOSED ORDER
3

1  Conference scheduled for April 24, 2008, at 3:30 p.m. is continued to September 25, 2008, at 3:30
2  p.m. The parties are directed to immediately notify the Court if the state criminal case against
3  claimant Obdulia Diaz is settled or dismissed.
4  IT IS SO ORDERED.

7  DATED_____

                                        _____
                                        VAUGHN R. WALKER
                                        United States District Judge

STIPULATED REQUEST FOR STAY and PROPOSED ORDER
4